78 So.2d 54 (1955)
Tom GREEN, Plaintiff-Appellant,
v.
A. C. CAMPBELL CONSTRUCTION CO., Inc., et al., Defendants-Appellees.
No. 8292.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1955.
Rehearing Denied March 8, 1955.
*55 M. T. Monsour, Irving M. Greenberg, Shreveport, for appellant.
Lunn, Irion Switzer, Trichel & Johnson, Shreveport, for appellees.
AYRES, Judge.
Alleging that he received injuries in an accident of April 13, 1953, while performing services in the scope of his employment and in the course of his employer's business of constructing a railroad track at the Barksdale Air Force Base in Bossier Parish, Louisiana, plaintiff instituted this action against his employer and its workmen's compensation insurer for compensation at the maximum rate provided by statute and as for total disability, less compensation previously paid.
Plaintiff alleged that he suffered total and permanent disability as the result of an accident wherein he fell through the open door of a railroad gravel car, whereupon the gravel fell upon him, and, by the movement of the train, to which the gravel car was attached, his feet and legs were dragged some 50 to 60 feet along the track and over the cross ties.
The defendants admitted the accident and that plaintiff received some slight injuries but denied that he was injured at all seriously and contended that he recovered from the results of the accident within a few weeks of its occurrence, during which time he was paid compensation.
After trial, for written reasons assigned by the district judge, wherein it was stated that plaintiff had not sustained the burden of proving his claim, judgment was rendered rejecting plaintiff's demands, from which plaintiff prosecutes this appeal.
Only issues of fact are presented by this appeal. Under these circumstances, it is firmly established in our jurisprudence that an appellate court will not disturb the findings and judgment of the trial court, unless such findings and judgment are manifestly erroneous. This principle is so well established that citation of authority is unnecessary.
Drs. N. L. Lacy, G. H. Cassity and Samuel Simkin testified on behalf of the plaintiff. Dr. Lacy, who examined and treated plaintiff, was of the opinion that plaintiff sustained injuries to the soft tissues of his body, but testified that he could find nothing to support plaintiff's claims of pain and that the only treatment was the application of heat to the affected area of plaintiff's body. As he testified, because plaintiff was complaining, the Doctor "felt sorry for him" and tried to help him, notwithstanding the fact that he could not find any objective symptoms to support plaintiff's complaints.
Dr. Cassity examined plaintiff and gave his opinion that plaintiff sustained a back injury and had neuritis and an involvement of the sciatic nerve. His findings were based primarily on symptoms which plaintiff stated existed, which were purely subjective. Dr. Cassity did find evidence of spasm and rigidity of muscles and assumed that arthritic spurs in plaintiff's back had been broken off, causing pressure on the nerves.
The testimony of Dr. Simkin did not support plaintiff's claim. He stated that the soft tissue injuries suffered by plaintiff had long cleared up and healed and that plaintiff's complaints could not be supported by any findings of his. He could find nothing objective to support plaintiff's complaints and did not find that plaintiff had neuritis or any involvement of the sciatic nerve.
Drs. John M. Gosslee, Gene D. Caldwell and E. T. Hilton testified for the defendants. Their opinion was that the rigidity of the muscles of the back as found by Dr. Cassity could have been, and, in their opinion, was, voluntary on the part of *56 plaintiff. X-rays taken by all of these doctors, testifying on behalf of defendants, showed no injury whatsoever other than "minimal" arthritic changes, which is not at all uncommon in a man who has reached the age of 50. Plaintiff exceeded that age. None of these doctors could find any objective symptoms of any injury. It was their opinion that plaintiff was not suffering any disability from any injury, and there was no reason, in their opinion, for plaintiff not to perform hard manual labor such as he was doing at the time of the accident. The arthritic changes were in their opinion in no way involved in or caused by the accident and were not disabling, and that there was no atrophy of the muscles. Citing the case of Walker v. Monroe, La.App., 62 So.2d 676, as authority, defendants correctly state that where the complaints of a plaintiff fall within a particular field of medicine, a specialist in that field is best qualified to testify with respect thereto and express an opinion thereon, and that such opinion is entitled to greater weight than is the opinion of a physician not so qualified. The question of involvement of arthritic changes in bone structure is a question which primarily must be answered by an orthopedic specialist, as the question is one falling in the field of orthopedics. No orthopedist testified for plaintiff. Two, Drs. Caldwell and Gosslee, testified on behalf of defendants, whose testimony is that plaintiff has no disability and fully recovered from the injuries sustained by him within a few weeks after the accident.
We not only find, after a careful and considered review of all the testimony in the record, that there is no manifest error in the trial judge's opinion and findings but that such are supported by the evidence. The great preponderance of the medical testimony supports the conclusions reached not only by the trial court but also by this court. Plaintiff has not established his claim with that preponderance of evidence and to that degree of legal certainty as required by law. That plaintiff has the burden to so establish and make certain his claims, even in workmen's compensation cases, where he is given much liberality and the technical rules of evidence are not binding upon him, is firmly established in our jurisprudence. Davis v. Swift & Co., La.App., 68 So.2d 670; Roberts v. M. S. Carroll Co., Inc., La.App., 68 So.2d 689; Mouton v. Gulf States Utilities Co., La. App., 69 So.2d 147; Driggers v. Coal Operators Casualty Co., La.App., 73 So.2d 602. In these cases and in the authorities cited in each of them, as well as in many others, it was held insufficient for a claimant to make out a case that is merely probable but that such must be established by a reasonable preponderance of the evidence to a legal certainty. It has not been established that whatever slight arthritic changes plaintiff had were disabling or that such changes, if any, were brought about or aggravated by the accident. No causal connection was shown between the accident and whatever arthritic changes, if any, exist.
We find no error in the judgment appealed from so far as rejecting plaintiff's demands and dismissing his suit, but the judgment assessing plaintiff with costs is in error and will be amended to relieve him of such costs inasmuch as this action was brought in forma pauperis pursuant to an appropriate order of court relieving plaintiff of the payment of costs and the giving of bond therefor.
Accordingly, for the reasons assigned, the judgment appealed is amended by eliminating the assessment of costs against plaintiff, and, as amended, is affirmed.
Amended and affirmed.