SAMUEL, Judge.
Plaintiff has taken this appeal from a judgment dismissing his suit for workmen’s compensation. The defendants are his former employer, Security Van Lines, Inc., and its compensation insurer.
We find the facts, which are almost entirely undisputed, to be as follows: Plaintiff was employed by Security as a salesman-estimator. He was required to go to the premises of prospective customers and estimate Security’s charges for moving or storing the customers’ effects and, in addition, sold his employer’s services to persons he solicited and to those referred to him by Security. He was permitted to arrange his own schedule and had no set working hours. He worked each week day, including half a day on Saturdays, at hours suiting his own and the customers’ convenience. He made some calls on prospective, customers in the evening and received telephone calls from or through Security at his home after 5 p. m. However, he was not required to go out on the calls he received over the telephone; he could do so or not at his option. It was necessary for him to perform some “paper work” at home, particularly at the end of the month in connection with his expenses, and he usually reviewed the calls he was to make each day before leaving the house so as to arrange them in proper order.
Plaintiff’s employer furnished him with an automobile, owned by Security, to be used in connection with his work and in going to and from work. This automobile was kept in a garage adjacent to plaintiff’s home and the garage rent, together with the insurance, gas, oil and other expenses of the automobile, were paid by Security. Plaintiff lived in an apartment on the second floor of a two story triplex and in order to leave the apartment it was necessary for him to pass through his kitchen, descend a flight of steps, open an outer door and descend to the ground level by walking down two additional steps.
On the day preceding the accident which forms the basis of this suit plaintiff stopped at Security’s main office and picked up three or four memoranda slips for estimates to be made the following day (a Saturday) before noon. At his home, that evening he did some “paper work” relative to expenses (it was the end of the month) and checked the slips to determine his route for the next morning.
Plaintiff re-checked his route the next morning and left his home through the kitchen, with the slips in one of his pockets, carrying with him a small sheaf of “tariffs” which contained Security’s rate schedules and a small bag of garbage which he intended to place in a garbage can on his way to the garage and the employer furnished automobile. He safely negotiated the first flight of steps but fell from one of the last. two steps while still carrying the bag of garbage and sheaf of “tariffs”. The fall occurred before he reached the garbage can or the car and resulted in a fracture of the neck of his right femur, the injury commonly referred to as a “broken hip”. Plaintiff alleges that as a result of the injury he has not been able to work since the date of the accident.
The primary question is whether plaintiff’s accident was one “arising out of and in the course of his employment” within the meaning of the Louisiana Workmen’s Compensation Act, specifically LSA-R.S. 23 :- 1031. If the accident did not arise out of and in the course of his employment his injuries are not compensable under the Act.
As enunciated in the leading case of Kern v. Southport Mill, 174 La. 432, 141 *88 So. 19, an accident occurs in the course of employment when it takes place during the time of such employment and arises out of the employment when it occurs while the employee is engaged in his employer’s business and the necessities of that business reasonably require that the employee be at the place of the accident at the time the accident occurred. See also Long v. Hardware Mutual Insurance Company, La.App., 137 So.2d 486; Brooks v. Cal-Metal Pipe Corporation of Louisiana, La.App., 81 So.2d 462; Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225; Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66.
In the instant case we find that, contrary to plaintiff’s contention, his employment was not continuous; he was neither on duty nor on call twenty-four hours a day. And at the time the accident occurred he was not engaged in his employer’s business for the reason that he had never reached the automobile and never started on his journey to conduct that business. Nor, of course, did his employer’s business reasonably require that he be at the place where the accident happened at the time it happened, for the accident happened while he was walking down the stairs of his home.
Plaintiff relies principally upon Danziger v. Employers Mutual Liability Ins. Co. of Wis., La.App., 146 So.2d 682, recently handed down by this court. But Danziger is not apropos for the reason that the plaintiff in that case was on duty at all times and the injury occurred while he was actually engaged in his employer’s business.
We are of the opinion that plaintiff’s injuries resulted from an accident which did not arise out of his employment and therefore the same are not compensable.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by the plaintiff.
Affirmed.