158 So.2d 609

### Victor C. DANIELSEN

### v.

### SECURITY VAN LINES, INC., and Fidelity and Casualty Co. of New York.

### No. 46700.

### Dec. 16, 1963.

Steven R. Plotkin, New Orleans, for applicant.

W. K. Christovich, Christovich & Kearney, New Orleans, for appellees and respondents.

SANDERS, Justice.

The plaintiff, Victor C. Danielsen, sued his employer, Security Van Lines, Inc., and its insurer for workmen's compensation.

The defendants resisted the demand on the ground that the accident did not arise out of and in the course of plaintiff's employment. The district court denied recovery. The Court of Appeal affirmed.[1] We granted a writ of certiorari, 244 La. 223, 151 So. 2d 693, to review the judgment of the Court of Appeal.

The facts, as found by the Court of Appeal, are substantially these: The plaintiff, Danielsen, was employed by Security Van Lines, Inc., as a salesman-estimator on a commission basis. His duties required him to go to the premises of prospective customers and prepare estimates of the charges for moving or storing household effects. In addition, he solicited business for his employer. He had no fixed working hours and arranged his own work schedule. He worked each week day, including a half-day on Saturday, at hours convenient to him and the customers. He made some calls on prospective customers during the evening. He likewise received some telephone calls from or through Security at his home after 5:00 o'clock p. m. However, he was not required to service these calls during the evening, unless he chose to do so. Danielsen performed some "paper work" at home, particularly at the end of the month in connection with his expense account. He also usually reviewed the calls he was to make before leaving his home each day so as to arrange them in proper order.

Security furnished Danielsen an automobile for use in connection with his work. It also paid the automobile expenses, including the gas, oil, and insurance. The automobile was kept in a garage one-half block from plaintiff's residence, the rent of which was paid by Security.

Danielsen lived in an apartment on the second floor of a two-story triplex. In order for him to leave the apartment, it was necessary that he pass through his kitchen, descend a flight of steps, open an outer door, and descend two additional steps to ground level.

On the day preceding the accident which forms the basis of this suit, the plaintiff picked up several memoranda at Security's main office, which listed estimates for the following day, Saturday. During the evening, he worked on his expense account, for it was the end of the month. He also checked the memoranda to determine his route.

On Saturday morning, he rechecked his route, placed the memoranda in his pocket, and descended the flight of steps leading from his apartment. He carried a small sheaf of rate schedules. He also carried a bag of garbage, which he intended to place in a garbage can on his way to the

1. 150 So.2d 86.

garage. He fell from one of the two outer steps and sustained a broken hip, which he alleges has produced permanent and total disability.

Based upon these facts, the plaintiff contends that the accident arose out of and in the course of his employment within the intendment of the Louisiana Workmen's Compensation Act. Hence, he asserts, workmen's compensation is payable to him for permanent total disability.

The defendants assert that the accident did not arise out of or in the course of the employment. Hence, they urge that the injury is not compensable under the Louisiana Workmen's Compensation Act.

The primary issue presented here is whether the accident occurred in the course of plaintiff's employment.

LSA–R.S. 23:1031, the pertinent section of the Louisiana Workmen's Compensation Act, provides:

"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay

compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."

■ Coverage is provided under the Louisiana Workmen's Compensation Act only if the accident occurred in the course of the employment. By course of employment is meant the time and space boundaries of the employment.[2]

■■ When the employment begins or ends cannot be determined by reference to an exact formula. Each case must be resolved by a consideration of the particular facts and circumstances. It is, of course, well settled that the statute must be given a liberal interpretation to effectuate its beneficent purpose of relieving the workmen of the crushing economic burden of work-connected injuries by diffusing the cost in the channels of commerce.[3]

■ In the instant case, the Court of Appeal found that the plaintiff's employment was not continuous. It found that he was neither on duty nor on call for twenty-four hours each day. Plaintiff conceded the correctness of the finding during oral argument in this Court. In our opinion, the evidence supports it.

---

2. Kern v. Southport Mill, 174 La. 432, 141 So. 19; Malone, Louisiana Workmen's Compensation Law and Practice, § 162, pp. 173–175 (1951); Mayer, Workmen's Compensation Law in Louisiana, pp. 55–58 (1937).

3. See Harvey v. Caddo DeSoto Cotton Oil Co., 199 La. 720, 6 So.2d 747 and Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677.

This finding, however, does not fully resolve the question of whether the accident occurred within the course of plaintiff's employment. It simply forecloses the contention that plaintiff was in the course of his employment at all times. We still must determine whether or not the plaintiff had entered the course of his employment prior to the accident. This inquiry brings into focus the time and place relationship between the accident and the employment.

We observe that the plaintiff fell on the steps of his residence. At the time, he was carrying a sack of garbage, which he intended to deposit in the garbage can. He had not reached the garage, where the company automobile was kept. The time of the accident did not fall within fixed work hours, for the plaintiff had none. Neither can we reasonably say that the accident occurred while he was engaged in the performance of his duties. In our opinion, the circumstances demonstrate that he had not as yet crossed the boundary of his employment.

We conclude that the disabling accident did not occur in the course of plaintiff's employment. Hence, plaintiff cannot recover.

We have noted the cases from other jurisdictions cited by plaintiff. Each of these rests upon its own facts. We have elected to base our decision on the statutory language and the general principles enunciated in the jurisprudence interpretative of it.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.