SWIFT, Judge.
The plaintiff, Larry Lee Williams, allegedly sustained a disabling injury to his left index finger during the course of his employment with George Farnsworth Construction Company, Inc. on or about May 10, 1967. On February 26, 1968, the employee, his employer and the latter’s workmen’s compensation insurer, American Employers Insurance Company, filed in the Civil District Court for approval a joint petition setting forth a compromise agreement in the amount of $1,050.00, minus $20.00 for workmen’s compensation previously paid. However, the judge refused to approve the settlement.
On November 7, 1968, the plaintiff instituted this suit against American Employers Insurance Company for the maximum benefits and penalties provided by the Louisiana Workmen’s Compensation Act. A peremptory exception pleading the one year prescription set forth in LSA-R.S. 23:1209 was filed by the defendant, and it was sustained by the lower court.
The plaintiff has taken this appeal from the judgment dismissing his suit, contending that the applicable prescription is two years under LSA-R.S. 23:1274, which did not begin to run until the compromise agreement was disapproved by the district judge on March 1,1968.
Part III of the Louisiana Workmen’s Compensation Act provides for two types of voluntary settlements with respect to employee benefits. LSA-R.S. 23:1271 authorizes compromise settlements whenever a bona fide dispute exists between the parties as to any matter or thing affecting the right of a claimant to recover compensation. Where there is no dispute as to the compensation due, LSA-R.S. 23:1274 permits the payment of such benefits in one lump sum through agreement of the parties provided they are not discounted at a greater rate than eight per cent. This section further provides a penalty and a prescriptive period of two years from date of payment to attack the lump sum settlement in case its requirements have not been complied with.
As stated in Wascom v. Miller, La.App., 101 So.2d 744:
“It is our appreciation of the law that both lump sum settlement and compromise must receive court approval and both must comply strictly with the requirement of the statute. If court approval is not secured as required by the act the agreement will be regarded as a lump sum settlement made without court approval and the employer will be subjected to suit for additional compensation and penalty.” (Page 747).
In that case the Court of Appeal, First Circuit, held that the two year prescription set forth in Section 1274, rather' than the one prescription provided by LSA-R.S. 23:1209, was applicable to a settlement made by the parties without court approval. However, payment had been made without the settlement having been presented to a judge for consideration. It is clear to us that in the above quotation from Wascom the court had reference to jurisprudence dealing with completed workmen’s compensation settlements where the parties ignored the requirement of court approval, as distinguished from the *632 proposed compromise settlement which was submitted to the court in this case for its approval or rejection and was disapproved. In our opinion the two year prescription of Section 1274 has no application to a court rejected compromise settlement where no payment has been made thereunder.
LSA-R.S. 23:1209, which provides the one year prescription pleaded herein, reads in part as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter.” (Emphasis supplied).
 According to the plain wording of this section of the Workmen’s Compensation Act, the one year prescription applicable under these circumstances was interrupted by the filing of the proposed compromise settlement in the Civil District Court on February 26, 1968, in spite of its being disapproved. Section 1209 expressly provides that such limitation shall not apply where “proceedings have been begun” under Parts III and IV of Chapter 10. As pointed out above, Part III contains the provisions dealing with voluntary settlement of claims including both compromise and lump sum settlements. LSA-R.S. 23:1271-1274. Section 1209 does not require the settlement under Part III to be fully consummated to interrupt prescription, simply that the proceedings have been begun. This is exactly what took place in the present case.
We are aware that the statute mentions proceedings under Parts III and IV in the conjunctive. However, had the legislature intended such prescription would be interrupted only if proceedings were begun under both Parts III and IV within a year after the accident, there would be no reason for any reference therein to Part III. The institution of suit under Part IV within the year would interrupt prescription in any case. A contrary interpretation would seem to lead to the absurd consequence that filing suit in a workmen’s compensation case will not interrupt prescription unless a settlement proceeding has also been filed within a year after the accident.
It is well settled in our jurisprudence that the provisions of the Workmen’s Compensation Act should be liberally construed in favor of the employee. Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609.
It is our conclusion that the plea of one year’s prescription is unavailing in this situation, and the trial judge erred in sustaining the defendant’s peremptory exception.
For the foregoing reasons, the judgment of the lower court is reversed and this case is remanded for further proceedings.
Reversed and remanded.