GULOTTA, Judge
(dissenting).
I respectfully dissent from the conclusions reached by the majority. The definition of an occupational disease as set forth in LSA-R.S. 23:1031.1 includes the disease, pneumoconiosis. Under the statutory provision, one disabled from this disease is entitled to recovery under the compensation law.
Dr. Frank Wagner testified and the hospital report shows that plaintiff was admitted to the hospital on November 20, 1968, with a diagnosis of asthmatic bronchitis, pneumoconiosis, and emphysema. The evidence reflects further that the inhalation of the dust caused the aggravation of a pre-existing asthmatic condition resulting in hospitalization on two occasions with the above diagnosis.[1]
Dr. Martin Ziskind’s report states that abnormalities observed during examination showed moderate and obstructive disability with an overdistention of the lungs as seen in bronchial asthma or bronchial bronchitis and/or pulmonary emphysema. His report follows: “It is unlikely that an individual can perform heavy work, period.”
Dr. Wagner defined emphysema as a permanent lung disease, the severity of which may lessen with proper therapy; however, pneumoconiosis causes, aggravates, or exacerbates the emphysema.
As I appreciate the testimony and the medical records, the inhalation of the dust caused an aggravation of the pre-existing asthmatic condition resulting in the disease of pneumoconiosis.
I am of the opinion that the trial judge and the majority fell into error because of the difficulty in the understanding of the interpretation of the term “pneumocon-iosis”. The statute defines the term as an occupational disease. The hospital records apparently consider the condition as a respiratory disease. On the other hand, Dr. Wagner explains on several occasions that he defines the term in a general sense, as an inhalation of dust particles. However, in a restricted sense, he appears to recognize a medical condition known as pneumo-coniosis. His testimony is not entirely clear in this respect. Nevertheless, the statute, medical and hospital reports recognize a disease or diagnosis of pneumoconi-osis.
While the majority has difficulty in finding that plaintiff is suffering a disability as a result of the respiratory problem, I am of the opinion that the workmen’s compensation statute in particularizing and categorizing pneumoconiosis as an occupational disease recognizes the disease itself as a compensatory disability when one has the medical history as presented by Homer.
It is significant that the Mississippi River Grain Elevator Company, Inc., did not have the plaintiff examined prior to his being employed, knowing full well the nature of the employment required work in soy bean dust filled atmosphere. Furthermore, the plaintiff was employed for a period of three years during which time he was demoted on three occasions because of his respiratory problem and ultimately discharged without compensation.
It is obvious that the plaintiff had a long history of asthma dating back several years before his employment by the de *251 fendant; nevertheless, an employer takes an employee as he finds him. Lum v. Employers Mut. Lia. Ins. Co. of Wis., 216 So.2d 889 (La.App. 2nd Cir. 1969), writ ref’d; Guillory v. Reimers-Schneider Company, 94 So.2d 134, 136 (La.App. 1st Cir. 1957). A physical examination would have discerned the asthmatic condition.
It is well settled in our jurisprudence that the provisions of the Workmen’s Compensation Act should be liberally interpreted in favor of the employee. Williams v. American Employers Insurance Company, 233 So.2d 630 (La.App. 4th Cir. 1970), writ ref’d; Doyle v. Penton Lumber Co., 56 So.2d 774, 777 (La.App. 1st Cir. 1952); King v. American Tank & Equipment Corporation, 144 So. 283, 289 (La.App. 2nd Cir. 1932).
Accordingly, I am of the opinion that the inhalation of dust in connection with the plaintiff’s employment resulted in an aggravation of a pre-existing asthmatic condition resulting in the occupational disease of pneumoconiosis for which plaintiff should receive compensation under LSA-R.S. 23:1031.1.

. Plaintiff was hospitalized November 20, 1968, to November 26, 1968, and again December 13, 1968, to December 20, 1968. The diagnosis on both occasions was the same and included pneumoconiosis.