STOULIG, Judge.
Plaintiff, Charles J. Schexnaydre, Sr., has appealed a judgment dismissing his tort claim on “exceptions of no right of and/or no cause of action.”
The petition alleges this basis for his tort claim: Plaintiff was employed as a welder by M. W. Kellogg Company and/or Pullman, Incorporated. Upon reporting for work his foreman informed him that he had been fired on the orders of James Redell. Plaintiff then proceeded to Redell’s office to learn the reasons for his dismissal. Plaintiff felt the reasons were so unfair he cursed Redell. As he was walking out, Redell called him back, threw a cup of hot coffee in his eyes and then began beating him with his fists. While plaintiff ambiguously refers to himself as an employee in his tort action, the pleading when read as a whole clearly seeks damages in tort under the respondeat superior theory that Redell, Kellogg’s employee, inflicted a battery on plaintiff after he had been fired and was no longer in the employ of the defendants.[1]
Plaintiff’s petition, in the alternative, demanded workmen’s compensation benefits, should it be determined factually that his employment had not legally terminated when the incident occurred.
Named as defendants in this suit were plaintiff’s employer or former employer and their liability and workmen’s compensation insurer, The Travelers Insurance Company. In addition Redell was cited individually.
Clearly the petition states a cause of action in tort against Redell individually. Under C.C.P. art. 892, plaintiff is entitled to bring his action in damages against his employers and their insurer in the same suit in which he alternatively seeks workmen’s compensation benefits. That article provides:
“Except as otherwise provided in Article 3657, a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. In such cases all allegations shall be made subject to the obligations set forth in Article 863.”
Whether petitioner was within the course and scope of his employment at the time of the alleged battery is a question that must be determined by the individual circumstances of this case. In Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609, 611 (1963), the Court observed:
“When the employment begins or ends cannot be determined by reference to an exact formula. Each case must be resolved by a consideration of the particular facts and circumstances. It is, of course, well settled that the statute must be given a liberal interpretation to effectuate its beneficent purpose of relieving the workmen of the crushing economic burden of work-connected injuries by diffusing the cost in the channels of commerce.”
Of necessity, plaintiff can only maintain his remedy in tort or compensation if he asserts a claim within one year of the incident. Without trial on the merits to develop facts determinative of his status as employee or ex-employee, it is inappropriate to dismiss his suit on the hypothesis that because he was still on the premises at the *745 time of the battery he was still in fact an employee.
For the reasons assigned, the judgment maintaining the exceptions of no right or cause of action is reversed and this matter is remanded for further proceedings consistent with the views herein expressed. Defendants are to pay the cost of this appeal.

REVERSED AND REMANDED.

. See Articles II and ) II of plaintiff’s petition.