ARMSTRONG, Judge.
Plaintiff, Albert Brown, appeals the trial court’s judgment granting defendant’s Motion for Summary Judgment and dismissing his claim for damages connected to a trip and fall accident he suffered on his employer’s premises.
We affirm the trial court’s judgment.
On February 25, 1986, plaintiff, Albert Brown, a route salesman for Flowers Bakery Company d/b/a Bunny Bread, stumbled over a parking block in the Bunny Bread parking lot.
At approximately 6:00 p.m., Brown had returned by delivery truck to the yard of the Bunny Bread Bakery at 5646 Louis Road in New Orleans. After checking out, Brown conversed with a co-employee and then went to the retail outlet of the bakery and purchased two loaves of bread. He was carrying the bread, his P.M. folder and his route book, and he was on his way home to do some paperwork which he had not completed during the day. He had no regular working hours but was responsible for completing his daily route. The accident occurred while Brown was still on the premises of the bakery.
After reporting the accident to the Department of Labor for the State of Louisiana, it returned a decision that Brown was not in the course and scope of his employment. On January 15, 1987, Albert Brown filed suit against Flowers Bakery Company and its insurer alleging damages in tort and seeking compensation for personal injuries.
Defendant, Flowers Bakery Company, maintains that Brown’s sole remedy is under the worker’s compensation statute. La.R.S. 23:1031, which governs when worker’s compensation is the appropriate remedy, provides:
If any employee ... receives personal injury arising out of and in the course and scope of his employment his employer shall pay compensation....
La.R.S. 23:1032 further states that:
That rights and remedies herein granted to an employee or his dependents on account of an injury ... for which he is entitled compensation ... shall be exclusive of all other rights and remedies of such employee....
*532 Brown insists that his injury did not occur within the course and scope of his employment. Brown stated in deposition that he deviated from his employment to buy bread at the Bunny Bread retail outlet and that there was a lack of re-entry into his employment. He argues that he purchased bread at the retail outlet in the same capacity as any other customer, and exited the building to go home. On his way home he tripped over the parking block and suffered bodily injury. Brown cites La.R.S. 23:1021 and 1031 which he claims support his proposition that whenever a deviation occurs and the employee turns aside from his employment for personal business, said employee is not covered under worker’s compensation benefits.
La.R.S. 23:1021 merely defines terms as they are used in the worker’s compensation chapter. La.R.S. 23:1031, previously quoted, designates an employee’s right of action but its language clearly provides that the employee’s accident must arise out of and in the course of his employment.
Course and scope of employment is determined by two statutory criteria: “arising out of” and “in the course of.” Whether an accident occurs in the course of employment depends on whether it occurs during the time of employment and at a place contemplated by the employment. Whitney v. U.S. Fidelity and Guaranty Insurance Company, 373 So.2d 728 (La.App. 2d Cir.1979), writ denied 376 So.2d 320 (La.1979). Reid v. Gamb, Inc., 509 So.2d 995 (La.1987). Whether an accident arises out of employment is determined by one of two tests. The first test, known as the “increased risk test,” requires an inquiry into the character and source of the risk and a determination of whether or not the danger of the accident was greater for the employee than for any other employee. Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917). The second test known as the “time, place and circumstances test” requires a determination of whether the necessities of the employer’s business reasonably required that the employee be at the place of the accident at the time the accident occurred and whether the employee was engaged in his employer’s business rather than his own. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932).
Defendant cites several cases that have held an employee to be in the course and scope of his employment and thus covered under the worker’s compensation statute when he was injured in his employer’s parking lot. Serean v. Kaiser Aluminum and Chemical Corp., 277 So.2d 732 (La.App. 4th Cir.1973); Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289, 1292 (La.App. 1st Cir.1982), writ denied 422 So.2d 423 (La.1982); Lewis v. Bellow, 212 So.2d 540 (La.App. 3d Cir.1968).
Defendant maintains that the above cited case law represents that entering and leaving the place of employment is a necessity and requirement of employment. This action is incidental to one’s employment, especially when that person is in the parking lot of his place of employment. This action cannot, therefore be construed as a “deviation from employment.” Plaintiff’s action would also have to be regarded as incidental to his employment despite the fact that he stopped to converse with co-workers and purchase bread at a retail store due to the nature of his employment. Plaintiff admits that he has no regular working hours and on this particular occasion he was taking work home. When one’s employment is stop and go, as it is in the case of a route salesman, there is constant deviation and re-entry to employment.
In all the cases cited by plaintiff the courts affirmed that the employee was acting in the course and scope of employment. Castille v. Traders and General Insurance Company, 137 So.2d 396 (La.App. 3d Cir.1962); Renfroe v. The City of New Orleans, 394 So.2d 787 (La.App. 4th Cir.1981), writ denied 399 So.2d 621 (La.1981); Blakeway v. Lefebure Corporation, 393 So.2d 928 (La.App. 4th Cir.1981), writ denied 399 So.2d 610 (La.1981); Simmons v. Liberty Mutual Insurance Company, 185 So.2d 822 (La.App. 3d Cir.1966). These cases do not support Brown’s position that turning aside to purchase bread at the retail outlet was sufficient to terminate the course of his employment. In Simmons, supra, the court considered the amount of *533 time involved in conducting such personal affairs and concluded when the period was as short as twenty to thirty minutes it would fall in the same category as reasonable periods taken for rest, relaxation, washroom, use of tobacco, satisfying thirst, etc. Furthermore, the court in Simmons concluded even if it were to consider the act a deviation for purely personal business, there could be no recovery where the accident did not occur while the employee was engaged in his personal mission but, instead, occurred after the employee had completed the personal business and returned to the process of leaving the premises.
We find that the trial court did not err in granting defendant’s Motion for Summary Judgment. It is well settled that, as regards the question of coverage, “the statute must be given a liberal interpretation to effectuate its beneficent purpose of relieving the workmen of the crushing economic burden of work-connected injuries by diffusing the cost in the channels of commerce.” Danielsen v. Security Van Lines, Inc, 245 La. 450, 158 So.2d 609 (1963). A finding by the trial court that Brown’s exclusive remedy would be a claim for worker’s compensation benefits is consistent with the law.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED