524 So.2d 267 (1988)
The PARISH GOVERNMENT RISK MANAGEMENT AGENCY
v.
The LA. WORKMEN'S COMPENSATION SECOND INJURY BOARD.
No. 87-CA-723.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
Motion for Reconsideration to file Writ Denied June 24, 1988.
Gregory G. Gremillion, Gretna, for plaintiff-appellee.
Oliver W. Williams, Baton Rouge, for defendant-appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal by the Louisiana Workmen's Compensation Second Injury Board from a judgment ordering that Board to reimburse the St. Charles Parish Council for portions of medical expenses and a lump sum settlement which the Council paid to Calward Joubert, a former employee who suffered a second back injury while in the course and scope of his employment. Because we find that the trial judge properly interpreted the applicable statutes in awarding the reimbursement, we affirm.
The statute at issue here is La.R.S. 23:1378, Acts 1983, 1st Ex. Sess. No. 1, § 1, effective July 1, 1983 (since amended by acts 1985, No. 697, § 1, effective October 1, 1985):
§ 1378. Determination of liability of fund
A. An employer operating under this Chapter who knowingly employs or knowingly retains in his employment an employee who has permanent partial disability, as defined in Subsection (F) hereof, shall be reimbursed from the Second Injury Fund as follows:
(1) Supplemental earnings benefits or permanent partial benefits. If an employee incurs a compensable disability which merges with a preexisting permanent partial disability, as defined in Subsection (F) hereof, supplemental earnings benefits or permanent partial benefits, *268 pursuant to R.S. 23:1221(3) or (4), the employer shall pay all benefits provided in this Chapter, but such employer shall be reimbursed from the Second Injury Fund for sixty percent of all benefits which the employer has been required to provide pursuant to R.S. 23:1221(3) or (4).
(2) Permanent total disability. If an employee incurs a compensable disability which merges with a preexisting permanent partial disability, as defined in subsection (F) of this Section, to cause permanent total disability, the employer shall pay all benefits provided by this Chapter, but such employer shall be reimbursed from the Second Injury Fund for all compensation in excess of the first one hundred four weeks of disability compensation.
(3) Death benefits....
(4) An employer entitled to reimbursement fromthe Second Injury Fund shall be reimbursed from said fund for fifty percent of the first ten thousand dollars paid for necessary medical, surgical, and hospital services and medicine for the same injury; thereafter, the employer shall be reimbursed from said fund for all sums paid pursuant to R.S. 23:1203 for necessary medical surgical, and hospital services and medicine.
The following facts were stipulated at trial. The St. Charles Parish Council operates under this chapter, and employed Calward Joubert knowing full well that he had a permanent partial disability as defined in the statute, i.e. a ruptured lumbar disc. On August 13, 1983, in the course and scope of his employment, he ruptured yet another lumbar disc which merged with the pre-existing condition. The Council paid Mr. Joubert temporary total disability benefits for 94 3/7 weeks or $20,836.41, as well as $13,475.28 in medical benefits. On September 8, 1985, the Council made a court approved compromise settlement with Mr. Joubert for $43,500.
The Council thereupon timely and properly made application to the Second Injury Fund Board for reimbursement of the statutorily authorized portion of the above benefits. The Board denied all reimbursements, and the Council sought a trial de novo in district court. The trial court ruled that the Council was not entitled to recover any portion of the $20,836.41, paid as temporary permanent disability benefits. He also ruled, however, that there was no question that the $43,500, lump sum settlement was for supplemental earnings benefits, and therefore awarded the Council 60% of that amount, or $26,100.00. Similarly, he ruled that the Council was entitled to 50% of the first $10,000 in medical benefits, and all such benefits over $10,000, or a reimbursement of $8,475.28 on the total $13,475.28 paid out. The Board now appeals.
Two basic issues are raised here. The Board first apparently contends that it was manifest error for the trial judge to characterize the lump sum settlement as supplemental earnings benefits, and instead should have found it to be total temporary disability benefits, which are not reimbursable. Its second contention is that regardless of the characterization of the settlement, La.R.S. 23:1378, simply does not permit reimbursement of any portion of lump sum settlements. We disagree with both contentions.
As to the characterization of the settlement, the only evidence of record is the deposition testimony of Mr. Keith Catha, a representative of the Council's workman's compensation management agency. Catha stated that upon reaching maximum medical improvement, Mr. Joubert was deriving some income from his quail farm. The $43,500, figure was reached by using the appropriate supplemental earnings benefit formula and taking into account the quail farm income. On this showing, there was no error in the trial judge's factual finding that the settlement was in fact for supplemental earnings benefits.
The second question is whether La. R.S. 23:1378, precludes reimbursement for lump sum settlements of benefits. This issue was recently addressed by our brethern in Town of Homer v. Workers' Compensation Board, 510 So.2d 419 (La.App. 2nd Cir.1987). That court noted that prior to the 1983 amendment of Section 1378, the *269 Board routinely reimbursed lump sum settlements. (This fact was also established in the present case.) In comparing the 1983 amended statute with the prior version, it found nothing to indicate that the Legislature intended to preclude such reimbursements under the new law. Our conclusion is the same. We therefore hold that the trial court properly awarded reimbursement to the Council from the Second Injury Board according to the percentages set forth in La.R.S. 23:1378.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.