DOMENGEAUX, Judge.
The City of Eunice commenced these proceedings against the Louisiana Worker’s Compensation Second Injury Board (Second Injury Board) seeking reimbursement of weekly worker’s compensation benefits and medical expenses it had paid to or on the behalf of Emar J. Venable, an employee who had been injured in the course and scope of his employment with the City. The Trial Court, resting its decision entirely upon stipulated facts and documentary evidence, overturned the decision of the Second Injury Board denying the City reimbursement of medical expenses, the only funds for which reimbursement was before the Second Injury Board. The Court concluded that Venable was permanently and totally disabled and ordered reimbursement of weekly worker’s compensation benefits and medical expenses.
Venable, on August 7, 1984, while in the course and scope of his employment with *593 the City of Eunice, sustained a back injury. The claimant, prior to sustaining the injury which gave rise to this litigation, had previously suffered a ruptured intervertebral disc which required surgical removal and a spinal fusion from the L-4 level to the sacrum. The instant injury has “merged” with the previous permanent, partial disability and has resulted in a combined disability which is substantially greater than the disability Venable would have sustained had he not suffered from the preexisting condition. The City, through compulsory physical examinations, had actual knowledge of Venable’s preexisting permanent, partial disability prior to August 7, 1984.
The Louisiana Municipal Risk Management Agency (Risk Management Agency), on behalf of the City of Eunice, a self-insured municipality pursuant to La.R.S. 33:1341 Et seq., commenced payment of worker’s compensation benefits and medical expenses on August 20,1984. Benefits had been paid to or on the behalf of Vena-ble, up to the filing of the stipulations of fact on October 31, 1986, in the following amounts: (1) “temporary total benefits”, $15,175.74; (2) supplemental earnings benefits, $12,972.81; and (3) medical expenses, $48,356.65. Venable received benefits classified by the Risk Management Agency and the City as temporary total benefits from August 20,1984, to October 16,1985. Subsequent to October 16,1985, Venable’s benefits were reclassified as supplemental earnings benefits. The claimant’s weekly compensation benefits were based upon an average weekly wage of $367.14 and were determined by the parties to be $244.77. The claim for reimbursement from the Second Injury Board was filed on October 24, 1984.
The Second Injury Board sought this review and has assigned three errors. The Board maintains:
(1)The Trial Court erred in ordering reimbursement of $15,175.74 in benefits classified by the City and the Risk Management Agency as “temporary total benefits”, contending that temporary total benefits are not one of the benefits enumerated in La.R.S. 23:1378 (1974) (amended 1976, 1977, 1979 and 1983) and are, therefore, not subject to reimbursement;
(2) The Trial Court erred in ordering reimbursement of medical expenses because a prerequisite to the recovery of medical expenses is the payment of one of the benefits enumerated in R.S. 23:1378, permanent total disability benefits, supplemental earnings benefits or death benefits, and none of the enumerated benefits were paid; and
(3) The Trial Court erred in ordering reimbursement of $12,972.81 in benefits classified by the City and the Risk Management Agency as supplemental earnings benefits because the amount of supplemental earnings benefits to which a claimant may be entitled may only be determined by a comparison of the wages the claimant “actually received” subsequent to his injury with the wages he earned prior to sustaining his injury and Venable never returned to work.
Our review of La.R.S. 23:1371, Et seq., the Louisiana Worker’s Compensation Second Injury Fund Act, the trial record, and the appellant’s assignments of error leads us to the conclusion that the appellant has misstated the issue for review. The appellant suggests that the Trial Court incorrectly ordered reimbursement of “temporary total benefits” and medical expenses and improperly paid supplemental earnings benefits. The appellant has misconstrued the issue because the Trial Court did not conclude that the claimant was entitled to temporary total benefits or supplemental earnings benefits, but rather, that he was permanently and totally disabled and entitled to benefits commensurate with his disability, Permanent and total disability payments are reimbursable by the Second Injury Board. R.S. 23:1378, supra.
We are of the opinion that the issue for review, one our research reveals to be of first impression, is whether an employer loses his right to reimbursement of worker’s compensation payments and medical *594 expenses if it misclassifies an injured employee’s disability even when the employee’s disability is subsequently determined by a court of competent jurisdiction to be one entitling the employer to reimbursement. We conclude that the Trial Judge was correct when, in his reasons for judgment, he stated, “I do not think an employer’s error in judgment or guess as to which condition exists for which it makes payment ought to determine whether there is to be reimbursement.” The Second Injury Board has not questioned the Trial Court’s factual determination that Venable is permanently and totally disabled and that conclusion will, therefore, not be reviewed. See, Southern Casualty Insurance Co. v. Louisiana Worker’s Compensation Second Injury Board, 478 So.2d 573 (La.App. 2nd Cir.1985).
The Louisiana Worker’s Compensation Second Injury Fund was established for the purpose of promoting:
The employment of physically handicapped employees who have a permanent, partial disability by protecting employers and insurers from excess liability for worker’s compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.
La.R.S. 23:1371 (1974) (amended 1977). See also, Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). The Act provides that entitlement to recovery is dependent upon: (1) an employee having a preexisting permanent, partial disability; (2) knowledge by the employer that the employee suffered from the preexisting disability; (3) a subsequent injury that “merges” with the preexisting condition and results in a disability greater than that which would have resulted absent the preexisting disability; and (4) the claim for reimbursement from the Second Injury Board is filed within fifty-two weeks of the initial worker’s compensation payment. R.S. 23:1371 and 1378, supra. See also, Crown Zellerbach Corp. v. Louisiana Worker’s Compensation Second Injury Board, 481 So.2d 650 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). Our examination of the record reveals that all of the elements set forth above were established in the stipulations of fact and by the documentary evidence.
Our review of the statutory and jurisprudential law did not reveal any basis for concluding that an employer should be denied reimbursement because it incorrectly or improperly assessed an injured employee’s condition or entitlement to compensation. The Trial Judge reviewed the medical evidence and concluded that Venable’s injuries rendered him permanently and totally disabled. R.S. 23:1378(A)(2) provides that the City of Eunice and the Risk Management Agency, because Venable is permanently and totally disabled, are entitled to reimbursement for all weekly worker’s compensation payments subsequent to week 104. R.S. 23:1378(A)(4) entitles the appellee to recover medical expenses.
We believe it would defeat the purpose of the Second Injury Fund to deny this employer reimbursement. A decision that an incorrect assessment by an employer would preclude reimbursement would place employers in the risky position of having to be absolutely certain about their initial disability determinations, would encourage employers to favor concluding that an employee is entitled to permanent and total disability benefits or supplemental earnings benefits, and would cause employers to avoid hiring the very persons this legislation was intended to benefit, previously disabled workers.
We are aware, although the point was not directly raised by the appellant, that there may be employers who might attempt to misclassify an employee’s disability to enable them to seek reimbursement. The fact that this possibility exists is, however, no reason to deny reimbursement to an employer who has established its right to reimbursement. If the Second Injury Board questions an employer’s right to reimbursement, as it did in this instance, the Board may always deny reimbursement, and should the employer so choose, the issue may be resolved by the courts.
*595 For the above and foregoing reasons, the judgment of the District Court in favor of the City of Eunice, the plaintiff, and against the Louisiana Worker’s Compensation Second Injury Board, the defendant, is affirmed.
All costs of this appeal are assessed against the Louisiana Worker’s Compensation Second Injury Board.
AFFIRMED.