SHORTESS, Judge.
Stephen Soule injured his back on August 16, 1978, while at work for Tompkins-Beckwith, Inc. (Tompkins). He returned to his employment after a short time, but on February 13, 1979, re-injured his back in another on-the-job accident. Tompkins’ insurer, Employers National Insurance Company (plaintiff), applied to The Louisiana Workers’ Compensation Second Injury Board (defendant) for reimbursement of all weekly benefits paid to Soule in excess of 104 weeks, as authorized by LSA-R.S. 23:1378. Reimbursement for medical expenses was not requested. Defendant approved the payment on August 7, 1980. However, at that time the 104-week limitation had not yet expired.
Plaintiff continued to pay employee compensation benefits after the second injury and eventually entered into a court-approved lump sum compensation settlement for $18,496.00. The settlement documents, dated June 3, 1985, referred to the “accidents” which occurred on or about August 16, 1978, and February 13, 1979, and contained the customary language releasing Tompkins and plaintiff from any and all liability for both accidents.
When plaintiff sought reimbursement from defendant for all compensation benefits paid to Soule after 104 weeks, as well as for the $18,496.00 settlement, defendant refused to pay the entire amount of the settlement. Instead, relying on the language in the settlement documents releasing plaintiff from liability for both accidents, it determined that one-half of the settlement should be allocated to the first injury. Thus, under LSA-R.S. 23:1378, $9,248.00 was deducted from plaintiff’s requested reimbursement. Plaintiff appealed to the Nineteenth Judicial District Court and the Board’s decision was reversed on plaintiff’s motion for summary judgment. Defendant appeals from that judgment.
*536 Tompkins retained Soule as an employee after his August 16, 1978, back injury. Permanent partial disability resulted from the first accident, and after the second accident, Soule was left with an even greater disability. These facts were part of a joint stipulation between the parties.
Defendant’s failure to reimburse plaintiff for the entire settlement raises only one issue under LSA-R.S. 23:1378: when a compromise settlement is triggered by a second injury which has merged with a pre-existing permanent partial disability to create an even greater disability, is the insurer/employer entitled to reimbursement for all of the settlement?
LSA-R.S. 23:1371 sets forth the purpose of the Louisiana Worker’s Compensation Second Injury Fund. Its premise is that it is desirable social policy to encourage employers to hire or, as in this case, retain employees who have a pre-existing permanent partial disability. By reimbursing employers or their insurers for the greater liability which ensues when such a worker is injured a second time, the Fund promotes that social policy.
The requirement that a subsequent injury “merge” with a pre-existing permanent partial disability set out in LSA-R.S. 23:1371 through 1379 goes to the very heart of that social policy. It is payment for that single, merged disability which the Fund is designed to reimburse, because it is that greater merged disability which creates potentially greater liability for the employer.
And it is that potentially greater liability which, in turn, is likely to deter the employer from retaining or employing a worker with a pre-existing permanent partial disability. This is why LSA-R.S. 23:1371 through 1379 require the employer to prove knowledge of the first injury and disability, and further require that the subsequent disability merge with the pre-existing permanent partial disability before reimbursement can be made.
The Board’s position would render the “merger” theory underlying this statutory scheme meaningless. By its action in denying reimbursement for the first “injury” to plaintiff, it has, in the words of plaintiff, “unmerged” the single disability created by the two injuries to Soule. Disability and injury must not be confused. Disability follows from an injury, and greater disability follows from a second injury merged with a pre-existing disability. The Fund protects employers from excess liability for that greater disability, and so encourages them to hire disabled workers.
Plaintiff’s settlement with Soule was triggered by the second injury, not the first injury. It was the combination of the pre-merger condition and the subsequent disability which created plaintiff’s liability to the employee. That liability was greater because of the first injury than it would have been without it, but it would never have arisen at all were it not for the second injury. Plaintiff is entitled to recover $9,248.00 previously withheld by defendant when it reimbursed plaintiff for amounts paid under the compromise settlement with Soule.
The judgment of the trial court was not clearly wrong, and its judgment in the amount of $9,248.00 is affirmed. Costs of $229.70 are assessed to defendant.
AFFIRMED.