CARTER, Judge.
This appeal arises from the district court’s decision holding that plaintiff is entitled to reimbursement from the Louisiana Worker’s Compensation Second Injury Board for benefits paid to an employee of plaintiff’s insured. The Worker’s Compensation Second Injury Board (hereinafter “Board”) appeals that decision. We reverse in part and affirm in part.
FACTS
Larry McKinney, an employee of Brown & Root Construction Company (Brown & Root), was hired on April 14,1983. At that time, Brown & Root had full knowledge that McKinney had undergone two prior back surgeries resulting in a condition that was presumably a permanent partial disability under LSA-R.S. 23:1378F(26) and (29). On August 23, 1983, McKinney again injured his back while working within the course and scope of his employment with Brown & Root. The second injury “merged” with the preexisting permanent partial disability causing a materially and substantially greater injury than would *153 have resulted from the subsequent injury alone.[1]
Employers National Insurance Company (hereinafter “Employers”), the plaintiff and worker’s compensation insurer of Brown & Root, paid McKinney the following amounts as a result of that injury:
(1) 61 weeks of payments at $230.00 per week for temporary total disability from August 24, 1983, to October 30, 1984, or $14,030.00;
(2) 37 weeks of payments at $230.00 per week as supplemental earnings benefits from October 31,1984, to July 16, 1985, or $8,510.00;
(3) $750.00 advance on compromise and settlement; and
(4) $18,577.31 in medical expenses through July 16, 1985.
On July 16, 1985, Employers filed a petition requesting reimbursement of sixty percent (60%) of the temporary total disability and supplemental earnings benefits and advance on settlement and a portion of the medical expenses from the Board pursuant to LSA-R.S. 23:1378A(1) and (4). Following a hearing, the Board denied all reimbursement.
Plaintiff then filed an appeal with the Nineteenth Judicial District Court and moved for summary judgment. The district court granted the motion allowing the reimbursement requested by plaintiff, which resulted in this appeal by the Board.
ISSUES
The issues on appeal are:
(1) Are temporary total benefits paid from August, 1983, to October, 1984, reimbursable from the Second Injury Fund?
(2) Are supplemental earnings benefits paid while an employee was not working reimbursable from the Second Injury Fund?
(3) Are advances on compromises and settlements reimbursable from the Second Injury Fund?
(4) Are the medical benefits paid by plaintiff reimbursable from the Second Injury Fund?
LAW
The Second Injury Fund was formed to encourage continued employment of injured workers and the employment of physically handicapped workers by protecting employers from excess liability for worker’s compensation and medical benefits. The fund applies to the employer of any employee who has suffered a permanent partial physical impairment due to a previous accident or disease, is subsequently reinjured on the job, and suffers a greater degree of impairment than would have resulted from the subsequent injury alone, because the second injury merges with the first injury. In such cases, the employer receives a subsidy from the fund based on the type of benefit paid.[2] LSA-R.S. 23:1378A.
TEMPORARY TOTAL DISABILITY BENEFITS
Reimbursement of benefits is governed by LSA-R.S. 23:1378A(1), which prior to July 1, 1983, read as follows:
A. An employer operating under the provisions of this Chapter who knowingly employs or knowingly retains in his employment an employee who has a permanent partial disability, as defined in Subsection F hereof, shall be reimbursed from the second injury fund as follows: (1) If such an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the *154 course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, his insurer, in the first instance, shall pay all compensation provided in this Chapter, but the employer or, if insured, his insurer thereafter shall be reimbursed from the second injury fund for all weekly compensation payments payable after the first one hundred and four weeks of payments.
By Acts 1983,1st Extraordinary Session, No. 1, § 1, effective July 1,1983, LSA-R.S. 23:1378A(1) was amended to read as follows:
A. An employer operating under this Chapter who knowingly employs or knowingly retains in his employment an employee who has permanent partial disability, as defined in Subsection (F) hereof, shall be reimbursed from the Second Injury Fund as follows:
(1) Supplemental earnings benefits or permanent partial benefits. If any employee incurs a compensable disability which merges with a preexisting permanent partial disability, as defined in Subsection (F) hereof, supplemental earnings benefits or permanent partial benefits, pursuant to R.S. 23:1221(3) or (4), the employer shall pay all benefits provided in this Chapter, but such employer shall be reimbursed from the Second Injury Fund for sixty percent of all benefits which the employer has been required to provide pursuant to R.S. 23:1221(3) or (4).
By Acts 1985, No. 697, § 1, effective October 1, 1985, LSA-R.S. 23:1378A(1) was amended to read exactly as it did prior to the 1983 amendment.
The Board contends on appeal that the statute, as it read at the time of McKinney’s injury in August, 1983, did not provide for the reimbursement of temporary total benefits. We agree.
Prior to July, 1983, LSA-R.S. 23:1378A(1) provided for the reimbursement of “all weekly compensation payments payable after the first one hundred and four weeks of payment.” LSA-R.S. 23:1378A(1), as amended in 1983, clearly limits reimbursement to an employer “for sixty percent of all benefits ... [paid] ... pursuant to R.S. 23:1221(3) or (4).” LSA-R.S. 23:1221(3) and (4) provide for an employer’s payment of supplemental earnings benefits and partial permanent disability benefits. See W. Malone and H. Johnson, Worker’s Compensation Law and Practice, 13 Louisiana Civil Law Treatise § 234 (2d ed. Supp.1984) and City of Eunice v. Louisiana Worker’s Compensation Second Injury Board, 527 So.2d 592 (La.App. 3rd Cir.1988). The statute, however, does not provide for reimbursement of temporary total disability benefits.
Moreover, in August of 1983, the provisions of LSA-R.S. 23:1378A(1) were entitled “Supplemental earnings benefits or permanent partial benefits,” indicating that those are the specific benefits discussed in that subsection. Employers acknowledges in its brief that the reason for the omission of temporary total benefits from the statutory provision is probably the uncertain nature of the employee’s condition when it is described as “temporary.” However, under LSA-R.S. 23:1378A(1) prior to amendment in 1983, reimbursement was not collectible until 104 weeks of benefits had been paid. The time frame established by that provision ruled out the reimbursement of any temporary total disability benefits.
Employers also argues that even if the statute does not provide for reimbursement of temporary total benefits, reimbursement should be ordered under the particular facts of this case because the “temporary” benefits were identical in amount to the eventual supplemental earnings benefits. Employers reasons that any other result would cause insurers to reclassify a worker’s benefits from temporary total disability benefits to supplemental earnings benefits as soon as possible, regardless whether the employee’s medical situation warranted such reclassification.
Temporary total disability is usually regarded as the healing period during which the claimant is totally disabled and unable to work. The question of when such disability begins and ends is usually a medical issue and not one left to the discretion of *155 the employer. Employers argument is without merit.
Employers further argues that denial of reimbursement for temporary total disability benefits because of an alleged oversight in the legislation defies the policy reasons for establishment of the Second Injury Fund. Employers reasons that employers should be encouraged to hire handicapped workers and that any interpretation of the statute which denies reimbursement thwarts the very policy the statute was enacted to promote.
It is unfortunate for Employers that this claim for reimbursement arose during the “window” created by the various statutory amendments. However, had the legislature intended to provide for reimbursement of temporary total disability benefits during the window period, the legislature could have expressly made the provisions of its 1985 amendment retroactive. The legislature, in its wisdom however, chose not to make the 1985 amendment retroactive.
Clearly, under the law in effect at the time of McKinney’s second injury, Employers is not entitled to reimbursement for temporary total disability benefits.
SUPPLEMENTAL EARNINGS BENEFITS
The second issue is whether Employers is entitled to reimbursement for supplemental earnings benefits under LSA-R.S. 23:1378A. Supplemental earnings benefits compensate the injured employee for the wage earning capacity he has lost as a result of an accident. A subsidy payment is required in any week in which the employee earns less than 90% of his pre-injury wage. If the employee earns any amount of wages less than the 90% figure, the employer or insurer is responsible for a percentage of the difference between any actual earnings and 90% of pre-injury eam-ings. LSA-R.S. 23:1221(3)(a), prior to amendment by Acts 1985, No. 926, § 1.
LSA-R.S. 23:1378A(1), as it read at the time of the injury, provided for the reimbursement of 60% of the supplemental earnings benefits “which the employer has been required to provide pursuant to R.S. 23:1221(3)....” The Board contends that, under LSA-R.S. 23:1221(3)(b),[3] the amount of supplemental earnings benefits is based on the amount the employee actually receives and therefore the employee must have actually returned to employment. The Board further argues that Employers erroneously reclassified the temporary total benefits as supplemental earnings benefits on October 31, 1984, and such benefits are therefore not subject to reimbursement.
However, the Board found that although McKinney’s injury prevented him from performing heavy manual labor, McKinney had been released from the doctor to return to light duty on October 26, 1986. We hold that Employers’ reclassification of temporary total benefits to supplemental earnings benefits at that time was not erroneous under the particular facts of this case.
Under LSA-R.S. 23:1226A, an employer is required to provide rehabilitation to any employee when his injury precludes him from earning the wages he earned prior to the injury. During such rehabilitation, the employee is entitled to temporary total disability benefits pursuant to LSA-R.S. 23:1226F. The employee is given the power to require that such services be offered and is required to request them within two years from the date of temporary total disability as determined by a physician. LSA-R.S. 23:1226E. There is no evidence of record indicating that McKinney ever requested rehabilitation or continuance of temporary total disability benefits. In the absence of such showing, we find that Employers should not be penalized for paying *156 supplemental earnings benefits without taking advantage of the credit provisions of LSA-R.S. 23:1221(3)(c)(i).
Under LSA-R.S. 23:1378A, Employers is entitled to the reimbursement of a portion of the supplemental earnings benefits it was “required to provide pursuant to R.S. 23:1221(3).” The Board argues that an employee must have actually returned to employment and been unable to earn ninety percent of his wages at the time of injury under LSA-R.S. 23:1221(3)(b). However, a reading of the Section 1221(3)(a) through (c) clearly indicates that is not the case, and Employers is entitled to reimbursement of sixty percent of the supplemental earnings benefits paid.
ADVANCE ON SETTLEMENT
The third issue is whether Employers is entitled to reimbursement for an advance on settlement. We note that, although the Board argued strenuously on this issue at oral argument, the brief filed by the Board does not raise the trial court’s award of reimbursement for the $750.00 advance on settlement.
However, in Parish Government Risk Management Agency v. La. Workmen’s Compensation Second Injury Board, 524 So.2d 267 (La.App. 5th Cir. 1988) and Town of Homer v. Louisiana Workers’ Compensation Second Injury Board, 510 So.2d 419 (La.App. 2nd Cir. 1987), our brethren of the Second and Fifth Circuits noted that prior to the 1983 amendment of LSA-R.S. 23:1378, the Board routinely reimbursed lump sum settlements of supplemental earnings benefits. In comparing the 1983 amended statute with the prior provision, neither court found anything to indicate that the Legislature intended to preclude such reimbursement under the 1983 amendment.
Employers paid McKinney a $750.00 advance on a settlement of his supplemental earnings benefits. Having determined that the statute authorizes reimbursement of lump sum settlements of supplemental earnings benefits, we likewise hold that Employers is entitled to reimbursement for 60% of the $750.00 advance on settlement of supplemental earnings benefits.
MEDICAL EXPENSES
The final issue on appeal addresses the reimbursement for medical expenses. At the time of the employee’s injury, LSA-R.S. 23:1378A(4) provided as follows:
A. An employer operating under this Chapter who knowingly employs or knowingly retains in his employment an employee who has permanent partial disability, as defined in Subsection (F) hereof, shall be reimbursed from the Second Injury Fund as follows:
(4) An employer entitled to reimbursement from the Second Injury Fund shall be reimbursed from said fund for fifty percent of the first ten thousand dollars paid for necessary medical, surgical, and hospital services and medicine for the same injury; thereafter, the employer shall be reimbursed from said fund for all sums paid pursuant to R.S. 23:1203 for necessary medical, surgical, and hospital services and medicine.
Since Employers is entitled to reimbursement for supplemental earnings benefits, we hold that it is also entitled to reimbursement for a portion of the medical expenses as provided for in LSA-R.S. 23:1378A(4).
CONCLUSION
For the above reasons, the portion of the trial court judgment providing for the reimbursement of temporary total benefits is reversed, and the portion of the judgment providing for the reimbursement of supplemental earnings benefits, advance on settlement of supplemental earnings benefits, and medical expenses is hereby affirmed. Costs are to be divided equally between the parties, with the Board’s portion itemized at $202.88.
AFFIRMED IN PART, REVERSED IN PART.

. It is undisputed that McKinney’s second injury satisfied all requirements of LSA-R.S. 23:1371A which provides:
It is the purpose of this part to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers and insurers from excess liability for worker's compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.

. The monies available for reimbursement are derived from an assessment on all insurers writing worker’s compensation insurance in this state. LSA-R.S. 23:1377B.

. LSA-R.S. 23:1221(3)(b) provides:
For purposes of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain.