WATKINS, Judge.
This is the fourth in a series of appeals taken by the Louisiana Worker’s Compensation Second Injury Board (Board) from *1095 adverse judgments in the trial court. As in the previous cases, the Board appeals from the granting by the trial judge of a motion for summary judgment based upon a joint stipulation of facts by the parties.
The trial judge granted a summary judgment and reversed the determination made by the Board to deny entirely the request for reimbursement of certain benefits paid by Employers National Insurance Company (Employers National). Specifically, the district court ordered reimbursement of the temporary total disability payments made, of the full final compromise amount, of the rehabilitation expenses paid (all at 60% as provided in the statute) and of 50% of the medical expenses paid. The judgment to-talled $35,011.56, with applicable interest from September 19, 1985, until paid.
FACTS
James Black was a long-time employee of Sline Industrial Painters, Employers National’s insured. Mr. Black injured his knee on October 9,1978, but he was able to return to work despite his permanent partial disability. Sline retained him in its work force with full knowledge of the knee injury and the disability. On August 17, 1983, Mr. Black suffered a second injury to the same knee. The second injury merged with the pre-existing disability to cause materially and substantially greater injury than would have occurred absent the preexisting disability.
Immediately following the second injury, Employers National, insurer of Sline, began weekly compensation benefit payments to Mr. Black. Between August 17, 1983, and August 30, 1984, these payments to-talled $12,240.00 (54 weeks of payments at $230.00 per week). These payments were denominated “temporary total disability benefits.” Employers National also paid $5,505.51 in medical expenses and $1,344.67 in rehabilitation expenses.
On September 19, 1984, the insurer and Mr. Black reached a compromise and entered into a court-approved settlement for $40,000.00. The judgment recited that payment of that amount was in full settlement for the “claims” arising out of both the 1978 accident and the 1983 accident.
All of the above facts are contained in the joint stipulation filed in the record in this case.
The insurer initially applied to the Board for reimbursement from the Second Injury Fund pursuant to LSA-R.S. 23:1378 of the amounts which it had paid to Mr. Black. Its request was denied in its entirety by the Board, and the insurer appealed to the district court.
ISSUES
This appeal presents five issues, three of which are identical to the issues in the previous appeals. A fourth issue, the question of reimbursement of rehabilitation expenses, is unique to this appeal. The final issue, the question of reimbursement of medical expenses, is pendant to the decision of the previous issues.
Reimbursement of Temporary Total Disability Benefits: The statute which governs an insurer’s entitlement to reimbursement is LSA-R.S. 23:1378 A(1). By amendments effective July 1, 1983, and October 1, 1985, a “window” was created which excluded for that period of time reimbursement of benefits paid for temporary total disability. Employers National Insurance Company v. Louisiana Worker’s Compensation Second Injury Board, 533 So.2d 152 (La.App. 1st Cir.1988). Since Mr. Brown’s second injury occurred on August 17, 1983, during the “window” period, Employers National is not entitled to reimbursement of this portion of its claim. Accordingly, the judgment of the trial court making this award is reversed.
Allocation of Lump Sum Settlement: Although the brief of appellant does not specifically address this issue, the ap-pellee points it out as a threshold issue to the next one. The sole issue on appeal in Employers National Insurance Company v. Louisiana Workers’ Compensation Second Injury Board, 532 So.2d 535 (La.App. 1st Cir.1988), was whether or not an insurer is entitled to reimbursement of an entire settlement amount when a compromise set *1096 tlement is triggered by a second injury which merges with a pre-existing permanent partial disability. Reasoning that a settlement after a second injury is triggered by the second injury, not the first injury, the court held that the insurer was entitled to reimbursement based upon the amount of the entire settlement, not half of the settlement.
Thus, the decision of the Board in the instant case to split the $40,000.00 settlement into two parts and to disallow the first part as being triggered by the first injury is incorrect. If Employers National is entitled to reimbursement of any of the settlement amount, it is entitled to reimbursement calculated on the entire $40,-000.00.
Reimbursement of Lump Sum Settlement: The factual situation of another appeal before a different panel of this court is almost identical to the instant appeal. In National Union Fire Insurance Company v. Louisiana Workers’ Compensation Second Injury Board, 535 So.2d 474 (La.App. 1st Cir.1988), the insurer had paid benefits for temporary total disability for approximately 15 weeks. Some seven months after the last benefits were paid, the insurer and the worker entered into a compromise and lump sum settlement. On appeal, the court held that the Board’s contention that the reimbursement statute (LSA-R.S. 23:1378) did not provide for reimbursement of compromised claims was without merit. However, the court cautioned that the fact that a claim is compromised does not make it automatically reimbursable. The compromised claim must be one for which reimbursement is authorized by LSA-R.S. 23:1378. Concluding that the worker to whom Employers National had paid only benefits for temporary total disability had compromised a claim for either permanent partial disability benefits or supplemental earnings benefits, the court held that the insurer was entitled to reimbursement.
Likewise, we must test the facts of the instant case by the same standard. Under LSA-R.S. 23:1378 at the time of Mr. Brown’s second injury, reimbursable claims were those for supplemental earnings, permanent partial, permanent total disability, and death benefits; temporary total disability benefits were not reimbursable. Following his first injury, Mr. Brown was assigned a 20% permanent partial disability of the left knee. Although the record does not reveal whether or not a percentage of disability was assigned subsequent to the second injury, the fact that the second injury merged with the first and increased the disability is well established. One thing is certain: the disability was not reduced to a temporary one by the second injury. Additionally, in the petition for court approval of the settlement (required under the compensation statute in effect at that time), the worker pled that he was claiming total permanent disability.
Consequently, we hold that the claim compromised by Mr. Brown in the instant case was either for permanent partial disability or for permanent total disability. Since benefits for either are reimbursable, Employers National is entitled to reimbursement. There was no error on the part of the trial court in making an award for this item.
Reimbursement of Rehabilitation Expenses: The Board assigned as error the trial court’s award of reimbursement of rehabilitation expenses. We agree. The rationale which bars reimbursement of benefits for temporary total disability applies to this claim, only more so.
Although appellee offers cogent policy arguments in support of granting reimbursement for these two items, we must deny the claim for both because of lack of statutory authority. As mentioned previously, the lack of statutory authority for reimbursing temporary total disability benefits is caused by a “window” in the provisions of LSA-R.S. 23:1378. But no such “window” exists for the lack of a provision for reimbursing rehabilitation expenses. The legislature simply has not provided for such reimbursement.
Appellee argues that since the employer or insurer is required to provide rehabilitation by the provisions of LSA-R.S. 23:1226, effective July 1, 1983, such expenses *1097 should be treated as medical expenses under LSA-R.S. 23:1378(A). If the omission of reimbursement for rehabilitation expenses is an inconsistency in the Louisiana Worker’s Compensation Act, we note that the legislature has had ample time to correct such inconsistency. We hold that the trial .court fell into error by extending the provisions of LSA-R.S. 23:1378(A) by analogy to rehabilitation expenses. The judgment will be amended accordingly.
Reimbursement of Medical Expenses: Both parties to this appeal concede that medical expenses are reimbursable only when an employer or insurer is entitled to reimbursement from the Second Injury Fund of other expenses. LSA-R.S. 23:1378(A). Since we have determined that Employers National is entitled to reimbursement for the lump sum settlement, the trial court was correct in awarding 50% of the medical expenses paid on behalf of Mr. Brown. We note that appellee’s list of medical expenses indicates that only $5,505.51 was paid, as opposed to $9,331.31, the amount the insurer had initially claimed.
CONCLUSION
For the above reasons, the portion of the trial court judgment providing for the reimbursement of temporary total benefits and for the reimbursement of rehabilitation expenses is reversed; the portion of the judgment providing for the reimbursement of the compromise and lump sum settlement and medical expenses is hereby affirmed. Costs are to be divided equally between the parties, with the Board’s portion itemized at $71.86.
AFFIRMED IN PART, REVERSED IN PART.