552 So.2d 805 (1989)
LOUISIANA INSURANCE GUARANTY ASSOCIATION
v.
STATE of Louisiana WORKER'S COMPENSATION SECOND INJURY BOARD.
No. CA 89 0791.
Court of Appeal of Louisiana, First Circuit.
November 15, 1989.
Writ Denied February 2, 1990.
Henry G. Terhoeve, Baton Rouge, for plaintiff-appellee Louisiana Ins. Guar. Ass'n.
Oliver W. Williams, Baton Rouge, for defendant-appellant State of La. Worker's Compensation Second Injury Bd.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
The Louisiana Insurance Guaranty Association (LIGA) applied to the Louisiana Worker's Compensation Second Injury Board (Board) for reimbursement of worker's compensation benefits paid by LIGA on behalf of an insolvent insurer. La.R.S. 23:1378(B). The Board ruled that LIGA was not an insurer for purposes of La.R.S. 23:1371 et seq. and denied reimbursement. LIGA appealed to the district court. La. R.S. 23:1378(E). The district court ruled that pursuant to La.R.S. 22:1382(1)(b) LIGA was an insurer for purposes of reimbursement by the Board and granted a summary judgment in favor of LIGA. The Board took this suspensive appeal.

FACTS
The Board and LIGA stipulated to the following facts in the district court:
1.
The claim in this lawsuit arises out of an injury to JAMES W. DUPLECHAIN.
2.
On January 20, 1980 James Duplechain was an employee of Howard Trucking Company and sustained an on the job injury.
3.
On January 20, 1980 United General Insurance Company provided workers compensation insurance to Howard Trucking Company.
4.
National Allied Insurance Company, formerly United General Insurance Company, paid workers compensation benefits and medical expenses for and on behalf of James W. Duplechain.
5.
National Allied Insurance Company filed a claim with the State of Louisiana Workers Compensation Second Injury Board.

*806 6.
On September 3, 1981 the State of Louisiana Workers Compensation Second Injury Board awarded reimbursement to United General Insurance Company for all weekly indemnity benefits actually paid and payable in excess of the first 104 weeks of payments for an [sic] on behalf of James W. Duplechain.
7.
The State of Louisiana Workers Compensation Second Injury Board made periodic reimbursements to National Allied Insurance Company and United General Insurance Company through March 13, 1986, arising out of the claim of James W. Duplechain.
8.
On March 13, 1986, National Allied Insurance Company was placed in liquidation on approximately October 30, 1986.
9.
National Allied Insurance Company (as successor to United General Insurance Company) was an admitted insurer in the State of Louisiana within the scope and intent of the Louisiana Insurance Guaranty Law (La.R.S. 22:1375 et seq.)
10.
The Louisiana Insurance Guaranty Association presented its claim (for payment it made on behalf of National Allied Insurance Company) for reimbursement to the Second Injury Board and a decision was rendered by the Board on January 20, 1988 denying the claim of the LIGA on the basis that the LIGA was not an entity authorized to seek reimbursement from the Louisiana Workers Compensation Second Injury Fund. The decision of the Second Injury Board is attached as Exhibit "A".
11.
The State of Louisiana Workers Compensation Second Injury Board does not dispute the right of James W. Duplechain to workers compensation benefits nor that this constitutes a valid claim for the Second Injury Fund.
12.
The parties have agreed that the sole issue in this case at hand is one of a legal nature, that being whether the Louisiana Insurance Guaranty Association, when it makes payments in lieu of an insolvent insurance carrier when that carrier has become insolvent, succeeds to the right and has the right to claim from the Louisiana Workers Compensation Second Injury Board those amounts which it pays (for a claim for reimbursement that if submitted by the insolvent admitted insurance carrier (prior to its insolvency) was accepted by the Louisiana Workers Compensation Second Injury Board.

LIGA'S RIGHT TO REIMBURSEMENT BY THE BOARD
The Board contends the district court erred by holding LIGA was entitled to reimbursement by the Board. The Board asserts (1) La.R.S. 23:1371 et seq. only applies to employers and their insurers and LIGA is not either; (2) the social purpose of the Second Injury Fund is not fostered by reimbursement to LIGA; and (3) the legislative histories of Louisiana Insurance Guaranty Association law and the Louisiana Worker's Compensation Second Injury Fund do not support the district court interpretation.
La.R.S. 23:1371 et seq. provide for reimbursement from the Second Injury Fund to an employer or his insurer, whichever of them makes the payments or becomes liable. La.R.S. 23:1378(B). La.R.S. 22:1382(1)(b) provides as follows:
(1) The association [LIGA] shall:
. . . . .
(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent. (Emphasis added)
*807 The words and phrases of the Revised Statutes must be construed according to their common and approved usage. La. R.S. 1:3. Cf. La.C.C. art. 11. When the wording of a Revised Statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.[1] La.R.S. 1:4. Cf. La.C.C. art. 9. Laws on the same subject matter must be interpreted in reference to each other. La.C.C. art. 13.
A worker's compensation insurer has standing to obtain reimbursement from the Second Injury Fund. La.R.S. 22:1382(1)(b) is clear and unambiguous in providing that LIGA shall be deemed the insurer on the covered claim and shall have all rights, duties and obligations of the insolvent insurer. The jurisprudence is clear that LIGA is deemed the insurer to the extent of the insolvent insurer's obligations on the covered claim. Harris v. Lee, 387 So.2d 1145 (La.1980); Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980); Hickerson v. Protective National Insurance Company of Omaha, 383 So.2d 377 (La.1980). It logically must follow that LIGA also is deemed the insurer to the extent of the insolvent insurer's rights on the covered claim. One of those rights is the right to reimbursement for a second injury claim.
The Board's assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.[2] The Board is cast for the cost of this appeal of $119.60.
AFFIRMED.
NOTES
[1] The purpose of the Second Injury Fund is to encourage employment of handicapped workers by allowing reimbursement for second injury claims. La.R.S. 23:1371; National Union Fire Insurance Company v. Louisiana Workers' Compensation Second Injury Board, 535 So.2d 474 (La.App. 1st Cir.1988). The purpose of the Insurance Guaranty Association Fund is to protect claimants or policyholders from financial loss because of the insolvency of an insurer. La. R.S. 22:1376; Backhus v. Transit Casualty Company, 549 So.2d 283 (La.1989); McGuire v. Davis Truck Services, Inc., 518 So.2d 1171 (La.App. 5th Cir.), writ denied, 526 So.2d 791 (La.1988).
[2] When LIGA appealed to the district court, it prayed that the Board be cast in judgment "to pay those amounts required under the statutes... with legal interest from date of judicial demand, and for all costs of these proceedings." When LIGA filed its motion for summary judgment, it prayed for a judgment "declaring the... Board to be responsible for the claims of..." LIGA. As previously indicated in the FACTS section of this opinion, the parties stipulated that the only issue in the case was whether the Board was liable to LIGA as a matter of law under the statute. The district court considered this as a partial summary judgment to declare the Board's liability, and reserved judgment on the issue of damages (quantum). La.C.C.P. art. 966.